J. H. RANDOL et al., Appellants, v. S. A. SLOAN et al., Respondents.

### Kansas City Court of Appeals, March 6, 1899.

1. **Schools**: ATTENDANCE UPON INSTITUTE EXAMINATION: COMMISSIONER'S CERTIFICATE: STATUTORY CONSTRUCTION. Under section 2, Act of 1891, relating to county teachers' institute, mere presence of an applicant at the session of the board of examiners, even though he went to submit to an examination and was to an extent examined, will not absolutely deprive such applicant of subsequently procuring a license from the county commissioner.

2. ———: ———: COMMISSIONER'S DECISION: FRAUD: STATUTORY CONSTRUCTION. The statute commits to the commissioner the right to pass upon the sufficiency of the reasons for failure to attend the board of examiners and his decision must be treated as final as it is in matters relating to qualification and character, unless attacked for actual fraud.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

BURNEY & BURNEY for appellant.

(1)    The county school commissioner had no legal right to reexamine Coffman as to his qualifications to teach school and grant him a certificate after he had been rejected by the board of examiners at the teachers' institute. Sess. Acts, 1891, pp. 211, 212, 213; Sess. Acts, 1893, p. 251, secs. 2 and 2a.    (2)    The issuing of such certificate being a violation of law, no rights could be conferred thereby, and the certificate was void. Sess. Acts, 1891, sec. 13, p. 214, makes the granting of such certificate a misdemeanor. Bick v. Seal, 45 Mo. App. 475; Waite v. Bartlett, 53 Mo. App. 378; Lewis v. Walker, 61 Mo. App. 554; Keith v. Fountain, 22 S. W. Rep.

(Tex.) 191; 3 Am. and Eng. Ency. of Law, p. 872; 2 Beach on Con., p. 1886, note; Sumner v. Summers, 54 Mo. 340; Bank v. Owens, 2 Pet. N. Y. 526. (3) The injunction was properly asked to restrain the illegal diversion of public funds. Black v. Ross, 37 Mo. App. 250; Hooper v. Ely, 46 Mo. 505; Newmeyer v. Railway, 52 Mo. 81.

Wm. L. Jarrott for respondents.

(1) The fairest way of interpreting the will of the legislator, is by exploring his intentions at the time the law was made. Blackstone's Com. B. & H., pp. 70, 71, 72, 73. The word "attend" means "to fix the mind upon; have regard or pay heed to; to be present for the purpose of duty." Century Dictionary, 371. A man too sick to take an examination, can not be said to have attended the examination. (2) Statutes should receive a reasonable construction, so as to give effect to their intent, whether the construction is to be strict or liberal. Fosburgh v. Rogers, 114 Mo. 122. The construction of a statute should accord with reason and common sense, and should not require impossible or unreasonable things. Cole v. Railroad, 47 Mo. App. 624; State ex rel. v. Finn, 8 Mo. App. 341; State ex rel. v. Marshall, 48 Mo. App. 560; School Dist. v. Edmonston, 50 Mo. App. 65. (3) "The county commissioner is the judge of what constitutes 'good and sufficient reason' for not attending the institute examination. There is no appeal from this decision." School Laws of Missouri, complied by superintendent and assistant attorney-general, under and by virtue of section 8079, Revised Statutes, note, page 81. (4) The county commissioner is authorized by the statute to pass upon the questions submitted in this case. When he grants a certificate it is in the nature of a judicial proceeding. It authorizes a teacher to teach school in the county where issued. It can not be questioned except for fraud or corruption. R. S. 1889, secs.

8020-8030; Institute Law, sec. 2, p. 1; Barnhart v. Boden-hammer, 31 Mo. 321.

GILL, J.—This is an injunction suit brought by plain-tiffs, who are resident tax payers of a school district in Cass county, to enjoin the defendants who are officers of the school district, from using the funds of the district in paying one

STATEMENT.

Coffman the salary the directors had agreed to pay him for teaching the district school. The ground of the complaint is that said Coff-man had no legal certificate to teach school and that there-fore his employment was illegal. On the presentation of the petition the circuit court granted a temporary injunction, but at the final hearing this was dissolved and plaintiffs have brought the case here by appeal.

The case turns upon a proper construction of a portion of the act entitled "An act to provide for the training and licensing of teachers" (Laws 1891, page 211, and Laws 1893, page 251), and its application to the facts detailed in evidence. Under this law a "County Teachers' Institute" was held in Cass county in June and July, 1897, and there was an examination of teachers at the close of the session by the "Board of Examiners." All parties desiring to teach in said county were by the law required to appear and submit to an examination by this board, and they were licensed or not according to the grade awarded by the board.

It seems that Coffman was present before the board the last days of the institute in July and underwent a partial ex-amination, but did not pass—at all events the board of exam-iners refused him a license. Shortly thereafter Coffman ap-peared before the county school commissioner, and by a doc-tor's certificate and other proof showed and convinced the commissioner that at the time of the meeting of the board of examiners he was sick and unable to properly submit his qualifications as teacher. Upon this showing the county

commissioner examined the applicant and finding him in every way qualified awarded him a certificate to teach. The directors of the school district then employed Coffman and he was teaching the school when this action was brought.

The question is, whether or not the county commissioner's certificate, given as above stated, was properly issued, or rather did it give Coffman legal authority to teach and justify the directors in employing him. That portion of the statute pertinent to the matter in hand reads thus:

SCHOOLS: attendance upon institute examination: commissioner's certificate: statutory construction.

"Section 2. The county institute board of examiners shall consist of the county commissioners of each county and the conductors and instructors of the institute. * * * The said board of examiners are hereby authorized to sign and issue teachers' certificates, * * * provided further, that the county commissioner, upon the presentation of the receipt from the county treasurer hereinafter provided for, and upon the payment by the applicant of one dollar and fifty cents, *shall examine any applicant who, for good and sufficient reasons, did not attend the examination held by the county institute board of examiners.* If the applicant shall have satisfied the county commissioner of his or her qualifications and moral character, then a certificate extending to the next teachers' institute *shall be granted."* * * *

Plaintiff's contention is that Coffman did "attend the examination held by the county institute board of examiners" and was rejected, and that therefore the county commissioner had no authority to conduct a second examination of the applicant and issue a certificate. Defendants however insist that though Coffman was personally present at the examination before the board, yet because of his illness at that time and his physical and mental inability to undergo an examination he ought not to be precluded from a

subsequent special examination before the county commissioner.

While the position of plaintiffs' counsel is perhaps sustained by the strict letter of the statute, we do not think the legislature intended so harsh an application as here attempted. Suppose, for example, that when the county institute board met to pass on the qualification of teachers one of the applicants should appear and after a question or two had been asked he had been suddenly taken sick and delirium followed. Should this debar him from subsequently, on restoration of health, applying to the county school commissioner? We think not. It could hardly be said that he "attended the examination held by the county institute board." The bare presence of the applicant at the session of the board even though he went there to submit to an examination, and was to an extent examined, will not, under a reasonable construction of the statute, absolutely deprive the party of subsequently procuring a license from the county commissioner.

But more than this, the question, to wit, whether the applicant did not for good and sufficient reasons attend the examination before the board, was left by the statute for the determination of the county commissioner and his decision must be treated as final unless attacked for actual fraud. That matter, just as with others relating to the qualification and character of applicants, is left to the judgment and decision of the school commissioner.

—: —: commissioner's decision; fraud: statutory construction.

The judgment is for the right party and will be affirmed. All concur.